UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
EMILY COHEN, on behalf of herself and all others
similarly situated,

                Plaintiffs,

v.

RETRIEVAL-MASTERS CREDITORS BUREAU,
INC. and HIGHLIGHTS FOR CHILDREN, INC.
                Defendants.
-------------------------------------------------------X

**CLASS ACTION
COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, by her attorney The Law Offices of Shimshon Wexler, P.C., as and for her complaint against the defendants, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Retrieval-Masters Creditors Bureau ("RMCB") and Highlights for Children, Inc. ("HFC"). Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by plaintiff within this District;

      b.      Defendants do business within this District.

## PARTIES

5.      Plaintiff, Emily Cohen, is an individual who resides in Rockland County, New York.

6.      Defendant, RMCB, is a corporation chartered under New York law with offices at 2269 S. Saw Mill River Rd. Bldg. #3, Elmsford, New York 10523.

7.      Defendant, HFC, is a corporation chartered under Delaware law with offices at 1800 Watermark Drive, Columbus, Ohio 43216.

8.      Upon information and belief, RMCB is engaged in the business of collecting debts allegedly owed to others and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9.      Upon information and belief, HFC is in the business of selling magazine subscriptions and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

10.      Defendants are both debt collectors as defined in the FDCPA.

## FACTS

11.      On or about March 5th, 2010, plaintiff was sent the collection letter attached as Exhibit A, bearing defendants' name.

12.      In sending Exhibit A, defendants sought to collect a financial obligation incurred for personal, family or household purposes, namely fees emanating from a personal magazine subscription.

13.      Exhibit A is a standard form document.

14.      More than 200 examples of Exhibit A have been sent out during the last 12 months.

15.      Exhibit A is sent out with the knowledge and consent of defendants.

16.      Documents in the form represented by Exhibit A are regularly sent to collect delinquent debts.

17. <u>Exhibit A</u> provides a phone number 1-800-255-9517.

18. This number belongs to HFC.

19. <u>Exhibit A</u> directs that payments are to be sent directly to HFC.

20. <u>Exhibit A</u> states "Our client has referred your account to us as they claim that you have not paid as agreed and therefore owe this remaining balance."

21. <u>Exhibit A</u> is intended to mislead and frighten consumers into believing that RMCB is participating in the collection of the debt in a meaningful way.

22. RMCB's actions are limited to the furnishing of collection letters.

23. RMCB does not receive the files of the debtors.

24. RMCB directs in <u>Exhibit A</u> all correspondence to be forwarded to HFC.

25. Upon information and belief, RMCB forwards any correspondence received by debtors to HFC.

26. RMCB has no authority to negotiate collection of debts.

27. Upon information and belief, RMCB is not paid a percentage from the amount collected.

28. Upon information and belief, RMCB receives a flat fee based upon the number of letters sent.

## CLAIM FOR RELIEF

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff incorporates by reference paragraphs 1 through 28 of this Complaint as though fully stated herein.

30. <u>Exhibit A</u> violates 15 U.S.C. §§1692, 1692e and 1692j.

31. Section 1692e provides:

**§ 1692e.  False or misleading representations**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without

limiting the general application of the foregoing, the following conduct is a violation of this section:…

 (9) The use or distribution of any written communication…… which creates a false impression as to its source, authorization or approval.

 (10) The use of any false representation or deceptive means to collect or attempt to collect any debt.…

32. Exhibit A was used and caused to be distributed by Defendants in violation of the above quoted provision of the statute.

33. Section 1692j provides:

### § 1692j.  Furnishing Certain Deceptive Forms

 (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes creditor, when in fact such person is not so participating.

34. Exhibit A was intended to create a false belief that RMCB was collecting HFC's debt when in fact RMCB was not participating.

35. This practice is referred to as flat rating and is a violation of the FDCPA.

## CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a class, pursuant to Federal Rules of Civil Procedure Rule 23(a) and 23(b) (3).

37. The class consists of (a) all individuals (b) with a New York address (c) who were sent a letter in the form represented by Exhibit A (d) on or after a date one year prior to the filing of this action.

38. The class is so numerous that joinder of all members is not practicable. On information and belief, there are at least 40 members of the class.

39. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.